CORRECTED ORDER

NOTE:  This order is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**HOME PRODUCTS INTERNATIONAL, INC.,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee,*

AND

**SINCE HARDWARE (GUANGZHOU) CO. LTD.,**
*Defendant-Appellee.*

---

2010-1194

---

Appeal from the United States Court of International Trade in case no. 07-CV-0123, Judge Leo M. Gordon.

---

## ON MOTION

---

Before GAJARSA, MAYER and PROST, *Circuit Judges.*

GAJARSA, *Circuit Judge.*

## ORDER

Home Products International, Inc. (Home Products) moves to summarily reverse the judgment of the United States Court of International Trade in this case due to this court's recent decision in *Home Prods. Int'l, Inc v. United States*, 633 F.3d 1369 (Fed. Cir. 2011) (hereinafter *Home Prods. I*) and to remand for further proceedings. The United States does not oppose summary disposition but moves for vacatur rather than reversal. Home Products replies.

This appeal concerns an antidumping duty order covering floor-standing, metal-top ironing tables and certain parts thereof from the People's Republic of China. Commerce determined that Since Hardware (Guangzhou) Co. Ltd. (Since Hardware) and other Chinese exporters were selling ironing tables in the United States at less than fair value, and the International Trade Commission found material injury. Thereafter, in the first and second administrative reviews of that antidumping order, Commerce calculated dumping margins for Since Hardware. Because the agency considered those margin percentage determinations de minimis, Commerce did not impose any antidumping duties on Since Hardware for these review periods.

Home Products, an American manufacturer of iron tables, initiated actions in the Trade Court challenging the results of Commerce's first and second administrative review. This appeal stems from Home Products challenge to Commerce's first administrative review, while Home Products' appeal from the Trade Court's decision in the second administrative review gave rise to *Home Prods. I*.

While these challenges were pending, Commerce conducted its third administrative review of the same antidumping order. During that proceeding, new evidence was brought to light that indicated Since Hardware had

submitted falsified documents to Commerce during the third administrative review. Commerce concluded that the documents were unreliable. Commerce also found that documents provided by Since Hardware in the course of the first and second administrative reviews were also falsified.

Based on Commerce's findings, Home Products moved the Trade Court to amend its complaints and to remand the cases to Commerce for reconsideration in light of the new evidence of falsification. The Trade Court denied the motions, and thereafter issued final judgments in favor of the United States in both Home Products challenges to the first and second administrative review. Home Products appealed both rulings in its appeals of the Trade Court's final judgments. This court stayed the briefing schedule in this appeal pending this court's disposition in *Home Prods. I*.

In *Home Prods. I*, this court reversed the Court of International Trade's decision, concluding that the Court of International Trade abused its discretion by failing to remand the case to Commerce where Home Products produced clear and convincing evidence that the proceeding below was tainted by material fraud. We agree with the parties that because this matter is controlled by *Home Prods. I*, summary disposition is appropriate. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (Summary disposition "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.").

In *Home Prods. I*, this Court determined on essentially identical circumstances that the appropriate remedy was to reverse the judgment of the Trade Court and remand with instructions that the Trade Court remand

this case to Commerce for further proceedings consistent with this opinion in order to secure the views of the agency itself. While the United States moves instead for vacatur, it has failed to meet its burden of demonstrating why a different and extraordinary remedy should be applied in this case. *See generally U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (placing the burden on the movant to demonstrate entitlement to the "extraordinary remedy of vacatur.").

Accordingly,

IT IS ORDERED THAT:

(1) Home Products' motion for summary reversal and remand is granted.

(2) The United States' motion to vacate and remand is denied.

(3) Each side shall bear its own costs.

|  | FOR THE COURT |
|---|---|
| **JUN 23 2011** | /s/ Jan Horbaly |
| Date | Jan Horbaly<br>Clerk |

cc: Frederick L. Ikenson, Esq.
    Ronald M. Wisla, Esq.
    David S. Silverbrand, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUN 23 2011

JAN HORBALY
CLERK